# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 451 | **DATE** | 11/5/2010 |
| **CASE TITLE** | Lacombe vs. SMC Communications of Illinois, LLC | | |

**DOCKET ENTRY TEXT**

WRITTEN OPINION by the Honorable Michael T. Mason: Plaintiffs' Motion to Compel Sample Payroll Records to Use in Support of Plaintiffs' Motion to Issue Notice Pursuant to Section 216(b) of the Fair Labor Standards Act [40] is denied. Status hearing set for 11/18/10 at 9:00 a.m. For further details, see below.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiffs Lacombe, Marte and Ocana ("plaintiffs") filed this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., alleging that defendants improperly failed to pay plaintiffs overtime wages. This case was filed as a representative action under the FLSA on behalf of plaintiffs and other similarly situated persons.

Plaintiffs are cable installers who were employed by defendants for the installation of cable television and cable internet hardware for defendants' residential customers. In their Second Amended Complaint, plaintiffs allege that they customarily worked six or seven days a week and in excess of forty hours of week, but that defendants did not pay plaintiffs overtime wages (one and one half times their regular rate of pay) for those hours. (Compl. ¶ 4, 28.) In order to avoid paying overtime wages, plaintiffs allege that defendants paid them (and similarly situated persons) with multiple paychecks, in one check classifying plaintiffs as employees and in the other check classifying plaintiffs as independent contractors. (*Id.* ¶ 3.) The Complaint states "Defendants paid Plaintiffs and other cable installers, in part, with checks misclassifying them as independent contractors. Cable installers are in fact employees, and should have been paid overtime compensation and otherwise afforded the rights of an employee." (*Id.* ¶ 43.) As a result, plaintiffs allege that they incurred financial loss, including the loss of overtime compensation. (*Id.* ¶ 45.)

Plaintiffs served defendants with discovery requests, including a request for time and payroll records for all persons who worked for defendants as cable installers from January 22, 2007 to the present. Plaintiffs indicated that they would accept documents on a sample basis for the months of August, 2007, August, 2008, and August, 2009. Defendants responded that they would produce certain information regarding those cable installers who, like plaintiffs, were classified and paid in part as independent contractors. However, defendants objected to producing payroll documents for cable installers who were classified and paid solely as employees (the "employee cable installers"). The "employee cable installers" included cable installers

10C451 Lacombe vs. SMC Communications of Illinois, LLC

Page 1 of 3

who worked for defendants outside of Illinois and those who worked for defendants after July of 2009, when defendants apparently changed their payroll practices and eliminated the two-paycheck practice alleged in the Complaint. Defendants argued that those records were not relevant to plaintiffs' claims regarding the misclassification of plaintiffs as independent contractors.

Defense counsel made the pay records for the "employee cable installers" available to plaintiffs' counsel for inspection for the limited purpose of providing assurance that these employees were paid under a completely different plan from what was alleged in the Complaint. Upon reviewing these payroll records, plaintiffs' counsel discovered another payroll issue. These documents showed that for the "employee cable installers," defendants did not include "bonuses" in their regular rate of pay, and therefore, these employees' overtime pay (one and a half times the regular rate of pay) was not as high as it would have been had these bonuses been included in their regular pay.

After this inspection, plaintiffs informed defense counsel that plaintiffs would seek to issue notice under Section 216(b) of the FLSA to the "employee cable installers," as well as those who, like plaintiffs, had been misclassified as independent contractors. Defendants opposed the issuance of notice to the "employee cable installers" and refused to produce the payroll records that plaintiffs' counsel had reviewed. Plaintiffs then filed this motion to compel the production of these payroll documents to use in support of their forth coming motion to issue notice pursuant to Section 216(b) of the FLSA.

In their motion, plaintiffs argue that these documents are relevant to the issuance of notice to proceed as a collective action under Section 216(b) of the FLSA. To be eligible to join a collective action, parties must be similarly situated to the named plaintiffs, 29 U.S.C. § 216(b), which courts have defined as being "victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.,* 289 F. Supp.2d 1042, 1045 (N.D. Ill. 2003). Claimants are similarly situated for purposes of Section 216 if the plaintiffs can make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 1045. If the plaintiff makes this showing, notice can then be provided to putative collective action plaintiffs. *Id.* Although this is not a stringent standard, the plaintiff must demonstrate a "factual nexus that binds potential members of a collective action together." *Gambo v. Lucent Technologies, Inc.*, 2005 WL 3542485, at *4 (N.D. Ill. Dec. 22, 2005).

Plaintiff asserts that the complaint sets forth a claim that defendants violated the FLSA and therefore, these pay records fall within that category, even if the pay records refer to employees who were never classified as independent contractors. In response, defendants argue that the pay records for the "employee cable installers" are not relevant to this cause of action because plaintiffs' complaint is based on the misclassification of cable installers as independent contractors and the "employee cable installers" were classified only as employees. Defendants note that there is no mention in the Complaint of the practice of omitting bonuses from the regular rate of pay. Therefore, defendants argue, there is no basis for sending notice to the "employee cable installers" because they are not "similarly situated" for purposes of bringing a collective action under the FLSA.

The issue here is whether these documents are relevant to the "policy or plan" that plaintiffs have alleged violated the FLSA. The Federal Rules of Civil Procedure contemplate liberal discovery, and "relevancy" under Rule 26(b) is broad. Nevertheless, Rule 26(b) is not without limits. That Rule provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's *claim or defense*... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b) (emphasis added).

Under this framework, we agree with defendants that these pay records are not relevant to the claims asserted in the Complaint. Plaintiffs allege a "policy or plan" on the part of defendants of misclassifying plaintiffs as independent contractors in order to pay them their straight time wages during weeks when they performed more than 40 hours of work for defendants. (Compl. ¶ 3, 4, 29-32, 35-43.) The Complaint does not allege that defendants omitted bonuses from plaintiffs' regular rate of pay in order to reduce the amount of overtime pay for these employees. Indeed, the Complaint does not include the word "bonus" at all.

Instead, the Complaint focuses solely on the defendants' alleged misclassification of plaintiffs as independent contractors, detailing the many reasons why it was improper to pay plaintiffs as independent contractors. The Complaint alleges that "defendants' classification of plaintiffs as independent contractors, as opposed to employees, was not due to any unique factor related to their employment or relationship with defendants" (*Id.* ¶ 35). In particular, the Complaint alleges that plaintiffs lacked the skills required of a person in business for themselves (*Id.* ¶ 36); they "did not have the opportunity to exercise the business skills and initiative necessary to elevate their status to that of independent contractor" (*Id.* ¶ 37); they exercised no control over defendants' business (*Id.*); they made no capital investment in defendants' businesses (*Id.* ¶ 39); they had no control over defendants' business enterprise (*Id.* ¶ 40); they did not manage any aspect of the business operation, including which projects plaintiff worked on, or when and how the work was to be completed (*Id.*); and they were fully employed by defendants and precluded from accepting work from other employers, and therefore economically dependant on defendants. (*Id.* ¶ 41.) Accordingly, the alleged unlawful "policy or plan" central to the Complaint is that defendants paid plaintiffs, in part, with checks misclassifying them as independent contractors, when they are in fact employees and should have been paid overtime compensation. (*Id.* ¶ 43). Based on the allegations in the Complaint, those employees paid under a separate payment plan are not "similarly situated" for purposes of bringing a collective action under the FLSA.

Plaintiffs argue that these pay records *are* relevant to their claims because they reflect a general policy or plan of improperly withholding overtime compensation. Plaintiffs assert that after July of 2009 when defendants changed their payroll practices, plaintiffs were paid under the same plan as the "employee cable installers," *i.e.,* defendants paid them with only one check, classified them as employees and paid them a "bonus" in addition to their regular hourly rates of pay. Therefore, plaintiffs argue, these individuals are "similarly situated" for purposes of the FLSA. However, plaintiffs are asserting facts here that are not alleged in their Complaint. The *only* policy or plan alleged in the Complaint is that defendants misclassified plaintiffs as independent contractors, and improperly paid them in two separate pay checks in order to avoid paying them any over time. (Compl. ¶ 29-34, 50, 57, 58). Therefore, we agree with defendants that cable installers who were never classified as independent contractors and who were not paid their regular rate of pay for time worked in excess of forty hours are not part of this alleged common policy or plan and are therefore not similarly situated. As a result, pay records for the "employee cable installers" are not relevant to plaintiffs' claims.

Defendants also argue that the pay records of Defendant JWCF, LP are irrelevant because JWCF employees are not similarly situated to plaintiffs, who have not been employed by, performed any work for, or received any pay from JWCF from January 22, 2007 through the present, the time period relevant to plaintiff's FLSA claims. Because we have resolved plaintiffs' motion on the grounds set forth above, it is not necessary for us to address this argument.